**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LINDA MICHAEL,**

    **Plaintiff,**

**vs.**                                              **Case No. 4:23-cv-00506-AW-MAF**

**RON DESANTIS,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Linda Michael, a prisoner proceeding *pro se*, initiated this civil rights case pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not pay the $402 filing fee and did not submit an application to proceed *in forma pauperis* (IFP).

The Court may review a plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. As a result, this case is presently before the Court for screening. See 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. Plaintiff, no stranger to the federal courts, is a three-striker under the Prison Litigation Reform Act (PLRA) who did not pay the $402 filing fee at the time she initiated this case; therefore, this case should

be dismissed. In addition, this filing is malicious because Plaintiff affirmatively misrepresented her litigation history.

## I.  Standard of Review

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491

F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). A district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process, warrants dismissal.[1]

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

Case No. 4:23-cv-00506-AW-MAF

## II. Plaintiff's Complaint, ECF No. 1.

Plaintiff sues one defendant, Ron DeSantis, Governor of the State of Florida, in his individual- and official capacities. ECF No. 1. Plaintiff's complaint is no model of clarity. As best can be determined, Plaintiff claims the governor refused to grant her a clemency hearing. Id. She asserts that this case "is a mixed [habeas and [Section 19]83 action that cannot be severed." Id., p. 9.

Plaintiff argues her sentence "was secured in violation of the United States Constitution, established Federal laws, Supremacy Clause, [the] Florida Constitution, and Florida law." Id. Plaintiff maintains that the state court "lacked jurisdiction to enter the judg[]ment" in her 1992 criminal case. Id. Plaintiff believes she "remains wrongfully . . . imprisoned" but she does not articulate any specific request for relief. Id., p. 10.

## III. Plaintiff's Affirmative Misrepresentations of Her Federal Litigation History.

Plaintiff's *pro se* status does not excuse her from conforming to the rules governing these proceedings. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff signed the complaint under the penalty of perjury. ECF No. 1. On the form, "Section VI. Prior Litigation" provides the following warning:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

Id., p. 12. In Sections VI(A) and (C), Plaintiff is required to identify her federal cases which count as a "strike" under the PLRA and any habeas petitions filed in state or federal court challenging her conviction or relating to the conditions of confinement. Id., pp. 13-14.

Question A asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" Id., p. 13. Plaintiff answered, "No." Not so. Plaintiff has "four strikes":

1. N.D. Fla. No. 4:07-cv-545-WS-WCS, Michael v. Fla. Parole Comm'n (dismissed for failure to state a claim).

2. S.D. Fla. 1:02-cv-22019-FAM, Michael v. Moore, et al. (dismissed for failure to state a claim and barred by Heck v. Humphrey, 512 U.S. 477 (1994)).

3. 10th Cir. No. 12-6129, Michael v. Newton-Embry (dismissed as frivolous).

  4. 11th Cir. No. 08-11934, <u>Michael v. Fla. Parole Comm'n</u> (denied as frivolous).

Question C asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" <u>Id.</u>, p. 14. Plaintiff answered, "Yes," and listed three cases: S.D. Fla. No. 2:02-cv-14056-KMM, <u>Michael v. Moore</u>; 11th Cir. No. 04-10137, <u>Michael v. Crosby</u>; and N.D. Fla. No. 4:07-cv-545-WS-WCS, <u>Michael v. Fla. Parole Comm'n</u>. <u>Id.</u>, pp. 14-15. However, the reality is that Plaintiff filed no less than ***eighteen*** federal cases in various district courts in Florida and Oklahoma, the Eleventh- and Tenth Circuit Courts of Appeal, and the Supreme Court of the United States, which either challenged the validity of her conviction or her conditions of confinement.[2] For example, Plaintiff failed to disclose that, less than two months ago, she submitted an application to the Eleventh Circuit Court of Appeals seeking leave to file a successive petition for habeas corpus. The Eleventh Circuit denied her request on November 1, 2023. <u>In re Michael</u>, 2023 U.S. App. LEXIS 29089 (11th Cir. 2023).

Plaintiff knew accurate disclosure of her litigation history is required and dismissal of the instant action might result from any untruthful answers

---

[2] The Court will not list all of Plaintiff's federal cases in this Report because it is Plaintiff's obligation to accurately disclose her litigation history.

to this section of the complaint form. If Plaintiff suffered no penalty for her untruthful responses to the questions on the complaint form, there would be little or no disincentive for her attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this Court should not allow Plaintiff's misrepresentations to go unpunished.

    An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is dismissal without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Jackson, 491 F. App'x at 132-33 (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Case No. 4:23-cv-00506-AW-MAF

## IV. Plaintiff is a Three-Striker under the PLRA.

The PLRA prohibits a prisoner from bringing forward a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To invoke the exception to § 1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient. See also Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) ("Congress was deliberate in leaving an exception for claims of imminent threat of serious physical injury when it enacted the three-strikes provision that screens out all other IFP suits as part of the PLRA.").

In order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit, not at the time of the alleged incident that serves as

the basis for the complaint. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger). "The proper procedure is for the district court to dismiss the complaint without prejudice." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).

As, explained in Section III above, the Court takes judicial notice of certain federal actions previously brought by Plaintiff in various courts, while she was a prisoner under the PLRA, which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

Plaintiff's claims do not satisfy the imminent danger exception. She alleged no set of facts that would demonstrate she is in imminent danger of serious physical injury at the time of her initial filling. Normally, the Court would permit a *pro se* plaintiff the opportunity to amend a complaint before recommending dismissal. However, this Court will not follow that trend because Plaintiff is a three-striker, did not pay the filing fee when she initiated the case, nor has she met the imminent danger exception.

## V. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the case be **DISMISSED** without prejudice under the three-strikes provision of 28 U.S.C. § 1915(g) because Plaintiff did not pay the filing fee at the time she initiated this case and fails to meet the imminent danger exception. In addition, because Plaintiff affirmatively misrepresented her federal litigation history under the penalty of perjury, the case should be **DISMISSED** as malicious. Finally, it is further **RECOMMENDED** that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on December 4, 2023.

                              s/ Martin A. Fitzpatrick
                              **MARTIN A. FITZPATRICK**
                              **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).